IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS J. McCUE,<br><br>        Plaintiff,<br><br>    v.<br><br>Emigrant Mortgage Company,<br>Inc.,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-960 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Before the Court are Plaintiff's Motion for Temporary Restraining Order, Emergency Injunctive and Declaratory Relief and Order to Show Cause [Docket Item 5] and Plaintiff's Motion to Shorten Time for the Emergency Motion for Preliminary Injunction. [Docket Item 6.] Plaintiff seeks to stay an imminent eviction from his home after defaulting on a home equity loan purchased from Defendant. For the reasons that follow, Plaintiff's motions will be dismissed without prejudice. The Court finds as follows:

    1.    Plaintiff Thomas J. McCue alleges that he purchased a home equity loan from Emigrant Mortgage Company, Inc. (hereafter "Emigrant" or "Defendant") in 2007 in order to improve a home he owned in Cinnaminson, New Jersey. According to Plaintiff, his $40,000 escrow was to be held in an interest-bearing account,

which 4-6% interest rate would offset the 10% interest he owed on the mortgage note. Plaintiff and Defendant appear to have had a misunderstanding over the nature of the escrow account and the amount ultimately due on his mortgage note. Plaintiff contends that Defendant never kept his money in the interest-bearing account his mortgage contract required. Plaintiff asserts that he made payments on his loan until January, 2009, at which point he withheld payment to "force" Defendant to "find" the escrow savings account.

    2.   Defendant initiated a foreclosure action against Plaintiff on June 15, 2009, which ultimately resulted in a final judgment for foreclosure on July 24, 2013. A Sheriff sale was scheduled and eventually consummated after numerous delays; nowhere in his Complaint or emergency motions does Plaintiff identify which state court oversaw this foreclosure action or ordered the sale of his home. Plaintiff then twice filed for bankruptcy, on October 9, 2013, and June 11, 2014, allegedly as an attempt "to get Emigrant to review the accounting and acknowledge their mistake" regarding the amount in interest Plaintiff ought to have been credited on his outstanding loan payments. Plaintiff contends that he tried to make payments on his mortgage to Defendant to resolve their disagreement, but Defendant refused payment.

3.     On February 22, 2016, Plaintiff filed a three-count Complaint [Docket Item 1] against Defendant alleging fraud, unjust enrichment, and to quiet title. Plaintiff sought to pursue his suit in forma pauperis, which status was later granted. On February 23, 2016, Plaintiff filed a Motion for Temporary Restraining Order, Emergency Injunctive and Declaratory Relief and Order to Show Cause [Docket Item 5] "to stay an imminent Eviction set for February 4, 2016." On February 26, 2016, Plaintiff filed a second Motion to Shorten Time for the Emergency Motion for Preliminary Injunction [Docket Item 6], contending that the eviction began on February 23, 2016. Defendant has not yet entered an appearance in the case.

4.     The Court cannot consider Plaintiff's motions as they are procedurally deficient. L. Civ. R. 65.1(a) directs that emergency relief may only be granted upon the filing of a verified complaint or other document that complies with 28 U.S.C. § 1746. None of Plaintiffs' submissions have been verified by a person with knowledge, nor have they enclosed any of the documents referenced in their motion or Amended Complaint. Further, Plaintiffs have failed to submit a brief or statement that no brief is necessary in accordance with L. Civ. R. 7.1(d).

5.     Moreover, to the extent that Plaintiff seeks to have this Court review and set aside the Superior Court of New

3

Jersey's final judgment for foreclosure, Plaintiffs have not shown why this action is not blocked by the Rooker-Feldman doctrine. To the extent that Plaintiff seeks to have this Court review proceedings in the Bankruptcy Court, Plaintiff has patently not complied with the Federal Rules of Bankruptcy Procedure. Plaintiff's Complaint sets forth at least two prior opportunities he had to contest the judgment for foreclosure entered against him and the amount due on his home equity loan, in the state court and the Bankruptcy Court, yet he gives no indication why appealing there is not an adequate remedy.

6. Further, Plaintiff's Complaint asserts federal question jurisdiction under 28 U.S.C. § 1331, yet it cites no provision of the U.S. Constitution or federal statute that would provide the rule of decision.

7. Plaintiff's papers likewise fail to explain why this Court must address, on an emergency basis, a discrepancy in the amounts due upon this mortgage when Plaintiff allegedly spotted this discrepancy more than six years ago, when he learned by June 5, 2008 that the $40,000 "escrow/pledge account" did not exist. See Motion ¶ 15. (Docket Item 15.)

8. Accordingly, the Court will dismiss Plaintiff's motions without prejudice to Plaintiff's right to renew them in a procedurally sufficient manner after these many deficiencies have been addressed.

9.   An accompanying Order will be entered.

**February 26, 2016**                        **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                               Chief U.S. District Judge